# EXHIBIT 1

5-29-20 @ 1045

| | SUM-100 |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* <br> **NOTICE TO DEFENDANT:** HARTFORD LIFE AND ACCIDENT INSURANCE <br> *(AVISO AL DEMANDADO):* COMPANY; and, DOES 1 through 10, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** LAUREEN M. SHEN, <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br> ELECTRONICALLY FILED BY <br> Superior Court of California, <br> County of Monterey <br> On 5/27/2020 3:06 PM <br> By: Christina Flores, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Monterey <br> 1200 Aguajito Rd. <br> Monterey, California 93940 | CASE NUMBER: <br> *(Número del Caso):* 20CV001494 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael B. Horrow/Nichole D. Podgurski
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONAHUE & HORROW LLP
1960 E Grand Ave, Ste 1215, El Segundo, CA 90245  (310) 322-0300

DATE: 5/27/2020                    Clerk, by  /s/ Christina Flores          , Deputy
*(Fecha)*                          *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-29-20

Page 1 of 1

Form Adopted for Mandatory Use                 **SUMMONS**           Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                       www.courtinfo.ca.gov
SUM-100 [Rev. July 1, 2009]                                          Westlaw Doc & Form Builder

Exhibit 1                                                                              9

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/27/2020 3:06 PM
By: Christina Flores, Deputy

MICHAEL B. HORROW (SBN 162917)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: npodgurski@donahuehorrow.com

Attorneys for Plaintiff, LAUREEN M. SHEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| LAUREEN M. SHEN,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and, DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 20CV001494<br><br>COMPLAINT & JURY DEMAND<br><br>1) Breach of the Duty of Good Faith and Fair Dealing;<br>2) Breach of Contract |

Plaintiff alleges as follows:

### GENERAL ALLEGATIONS

#### Introduction

1. Plaintiff, LAUREEN M. SHEN ("MS. SHEN"), an employee of the City of Monterey, was a participant in the group Long Term Disability Plan issued and administered by Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD").

2. When Plaintiff's health declined, she sought the coverage promised by the Policy. For several years, HARTFORD honored the claim and provided Long Term Disability benefits.

3. Then, on March 31, 2020, despite no improvement in her health and capabilities, HARTFORD abruptly denied Plaintiff's claim.

**Factual Summary**

4. Plaintiff at relevant times is, and has been, a resident and citizen of the State of California.

5. Plaintiff alleges upon information and belief that the Defendant, THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, and authorized to transact and transacting the business of insurance in this state.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to plaintiff.

7. Based upon information and belief, Defendant HARTFORD issued Long Term Disability Policy Number GLT691071 to the City of Monterey.

8. Based upon information and belief, the Policy, provides a gross disability benefit of 66 and 2/3% of Plaintiff's pre-disability earnings, less other income benefits, following a 90-day Elimination Period.

9. Based upon information and belief, the Policy defines "Total Disability or Totally Disabled" as: "means during the Elimination Period and for the next 24 months, as a result of injury or sickness, You are unable to perform with reasonable continuity the Essential Duties necessary to pursue Your occupation in the usual and customary way."

10. On or about June 4, 2013, Plaintiff became disabled as defined by the Policy.

11. Prior to her disability, Plaintiff was a Police Records/Detention Supervisor for the City of Monterey. In this position, Plaintiff was required to establish and maintain the police records system, supervise the operation of the City's detention facility; assist in the preparation of the annual budget for the records and jail sections; oversee the evidence and property operation of the department; to be custodian of police records; other duties as required.

12. On or about June 14, 2013, Dr. Radhika Mohandas completed an Attending Physician Statement certifying Plaintiff's disability due to chronic sinusitis, chest pain and major depressive disorder.

13. On or about August 29, 2013, podiatrist Scott D. Smith completed an Attending Physician Statement certifying Plaintiff's disability due to hallux vargas and venus insufficiency.

14. On or about September 4, 2013, Defendant HARTFORD approved Plaintiff's claim for Long Term Disability benefits.

15. On or about, August 18, 2015, Defendant HARTFORD approved Plaintiff's claim under the "any occupation" definition of Total Disability.

16. On or about July 6, 2016, Plaintiff completed an updated Claimant Questionnaire confirming her inability to return to work due to lumbar pain, torn left rotator cuff, right hand numbness, fibromyalgia, neck pain and anxiety/depression.

17. Based upon information and belief, Defendant HARTFORD continued to approve Plaintiff's claim for Long Term Disability benefits throughout 2017, 2018 and 2019.

18. On or about May 8, 2019, Dr. Radhika Mohandas completed an Attending Physician Statement certifying Plaintiff's ongoing disability due to back pain, sciatica and severe depression.

19. On or about January 13, 2020, Plaintiff consulted with Dr. Gus Halamandaris. Dr. Halamandaris documented Plaintiff continued to be disabled due to her right trigeminal neuralgia.

20. On or about March 31, 2020, Defendant HARTFORD abruptly denied Plaintiff's claim for benefits.

21. To date, Plaintiff has performed all of her obligations under the Policy. Despite this, Plaintiff has not received all of the benefits she is entitled to under the subject Policy.

PLAINTIFF, LAUREEN SHEN, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and DOES 1 through 10, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

1. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

2. Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

    a. Unreasonably failing to make payments to Plaintiff at a time when Defendants knew that Plaintiff was entitled to the payments under the terms of the Policy.

    b. Unreasonably delaying payments to Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

    c. Unreasonably withholding payments from Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

    d. Unreasonably misrepresenting to Plaintiff pertinent facts and insurance Policy provisions relating to the coverage in issue.

    e. Failing to reasonably and promptly investigate and process Plaintiff's claim for benefits.

    f. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim for benefits in which liability has become reasonably clear.

   g. Failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiff's claim for benefits.

   h. Plaintiff is informed and believes and thereon alleges that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

  3. As a proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

  4. As a further proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined at the time of trial.

  5. As a further proximate result of the unreasonable conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits in a sum to be determined at the time of trial.

  6. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code

– 5 –

DONAHUE & HORROW, LLP

§ 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

7. Defendants' conduct was highly reprehensible because (1) it caused Plaintiff not only substantial economic loss, but also personal physical injury and physical sickness; (2) it demonstrated Defendants' indifference and reckless disregard as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than just an isolated incident; (4) it caused harm to Plaintiff not by accident, but rather by Defendants' intentional malice, trickery, and deceit; and (5) Plaintiff was financially vulnerable to Defendants' conduct.

8. Defendants' conduct described herein was undertaken by the corporate Defendant's deputies or managing agents, identified herein as DOES 1 through 10, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The aforedescribed conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 10, inclusive.

PLAINTIFF, LAUREEN SHEN, FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and DOES 1 through 10 FOR BREACH OF CONTRACT, ALLEGES:

1. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

2. Defendants, and each of them, owed duties and obligations to Plaintiff under the Policy.

3. Defendants, and each of them, breached the terms and provisions of the insurance Policy by failing and refusing to pay benefits under the Policy as set forth in the second paragraph of the First Cause of Action, incorporated herein by reference.

4. As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AND DOES 1 through 10, inclusive, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING:

1. Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest pursuant to Section 10111.2 of the California Insurance Code, and other economic and consequential damages, in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress in a sum to be determined at the time of trial; For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff to obtain the Policy's benefits in an amount to be determined at the time of trial;

3. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

4. For costs of suit incurred herein; and,

5. For such other and further relief as the Court deems just and proper.

///
///
///

AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; AND DOES 1 through 10, inclusive, FOR BREACH OF CONTRACT:

1. Damages under the Policy in an amount to be determined according to proof at the time of trial;

2. For costs of suit incurred herein; and,

3. For such other and further relief as the Court deems just and proper.

Dated: May 27, 2020　　　　　　　　　　DONAHUE & HORROW LLP

_____
MICHAEL B. HORROW
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: May 27, 2020　　　　　　　　　　DONAHUE & HORROW LLP

_____
MICHAEL B. HORROW
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael B. Horrow/Nichole D. Podgurski   SBN: 162917/251240<br>DONAHUE & HORROW LLP<br>1960 E Grand Ave, Ste 1215, El Segundo, CA 90245<br>TELEPHONE NO.: (310) 322-0300   FAX NO.: (310) 322-0302<br>ATTORNEY FOR (Name): Laureen M. Shen | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 5/27/2020 3:06 PM<br>By: Christina Flores, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Rd.
MAILING ADDRESS: 1200 Aguajito Rd.
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: Shen v. Hartford Life and Accident Insurance Company

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>20CV001494<br>JUDGE:<br>DEPT: |
|---|---|---|

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties.
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 27, 2020

Michael B. Horrow/Nichole D. Podgurski
(TYPE OR PRINT NAME)                                        ▶ _/s/_ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Exhibit 1

16

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                                     Page 2 of 2

Exhibit 1                        19

| SUPERIOR COURT OF MONTEREY COUNTY<br>Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Laureen Shen<br>vs.<br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | CASE NUMBER<br>20CV001494 |
| | Case Management Conference |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case number ending EVEN is assigned for all purposes to the Hon. Marla O. Anderson- Dept. 14**

**Your case number ending ODD is assigned for all purposes to the Hon. Thomas W. Wills- Dept. 15**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* must be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

**Date: September 29, 2020         Time: 9:00 AM**

**Location: Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940**

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**
(Civil)

[Rev. January 2016]

Exhibit 1                    20

# EXHIBIT 2

**APPLICATION FOR SHORT TERM DISABILITY INCOME BENEFITS**  
**HARTFORD LIFE INSURANCE COMPANY**  
**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

Section I  
**Employer's Statement**

The Hartford

**To Be Completed by the Employer**

This claim is for (Employee's Name): Laureen Shen  
Social Security Number: ▮▮▮-▮▮-7310  
Date of Birth: ▮▮/▮▮/1962

Employee's Address (Street, City, State, Zip): 630 Junipero Ave., Pacific Grove, CA 93950

**A. Information About the Employer**

Company's Name: City of Monterey  
Group Policy Number: 691071  
Address (Street, City, State, Zip): 735 Pacific Street Suite B, Monterey, CA 93940

Name and Address of Division Where Employee Works (if different from above): Monterey Police Department, 351 Madison St, Monterey CA 93940

**B. Information About the Employee**

Date employee was hired: FT 6/3/2002  
What was the employee's regularly scheduled work week? Hours per Week: 40  
Date employee became insured under this plan: 2/1/2003  
Scheduled workdays: ~~M-F~~ T-F (4-10s)   Other: _____

IS EMPLOYEE ENROLLED IN THE HARTFORD'S LONG TERM DISABILITY PLAN? ☒ YES ☐ NO  
IF "YES," EFFECTIVE DATE: 2/1/2003

Was the employee's STD insurance issued on the basis of a Personal Health Statement? ☐ Yes ☒ No   If "Yes," attach copy.

Was the employee insured under your prior STD policy? ☒ Yes ☐ No  
If "Yes," please provide the inclusive date of coverage. From 6/3/2002 Through 1/31/2003

Was the employee on Qualifed Family Leave when disability began? ☒ Yes ☐ No  
Did STD & LTD insurance continue while on Family Leave? ☒ Yes ☐ No  
Date Leave of Absence started under Family Leave Act: 6/4/2013

**C. Information Needed for Withholding and Reporting Taxes**

Based on the employer/employee premium contributions made over the last 3 years, what percentage of the STD 100 %  
LTD 100 % benefit is considered taxable? (See Section 7 of IRS Publication 15-A for information on determining the taxable percentage.)

**D. Information About the Claim**

What was the employee's permanent job on his or her last day at work? (Please attach a copy of the employee's job description.)  
Police Records/Detention Supervisor

Last day employee actually worked: 6/3/13  
On that day, did the employee work a full day? ☐ Yes ☒ No  If "No," how many hours were worked? 7 hrs (out of 10)

Why did employee stop working? Illness  
Is the employee's condition work related? ☐ Yes ☒ No

Has a claim been filed with Workers' Compensation? ☐ Yes ☒ No  
If "Yes," send initial report of illness or injury or award notice.

Date employee is expected/did return to work: 9/15/13  
Full time? ☒ Yes ☐ No

LC-5180-15    (1)

Exhibit 2        21

### E. Information About Salary

Employee's (weekly)/hourly rate of pay  $ 1692

Is employee receiving Salary Continuance or Sick Leave?  ☐ Yes  ☒ No

Weekly Amount $ _____  Date Payments Start _____  Date Payments Will End _____

Will/Is Employee receive(ing) Workers' Compensation Payments? ☐ Yes ☒ No

Weekly Amount $ _____  Date Payments Start _____  Date Payments Will End _____

### F. Information About the Physical Aspects of the Employee's Job

Check the items below that relate to the employee's job and complete the information requested. Use these definitions for the frequency of occurrence.

*Not Applicable* means the person does not perform this activity.
*Occasionally* means the person does the activity up to 33% of the time.
*Frequently* means the person does the activity 34% to 66% of the time.
*Continuously* means the person does the activity 67% to 100% of the time.

| Activity | N/A | Occasionally | Frequently | Continuously |
|---|---|---|---|---|
| Standing | | | ☒ | |
| Walking | | | ☒ | |
| Sitting | | | ☒ | |
| Balancing | | ☒ | | |
| Stooping | | ☒ | | |
| Kneeling | | ☒ | | |
| Crouching | | ☒ | | |
| Crawling | ☒ | | | |
| Reaching/Working Overhead | | ☒ | | |
| Keyboard Use/Repetitive Hand Motion | | | | ☒ |
| Climbing | ☒ | | | |

| Activity | Description | Frequency | Weight |
|---|---|---|---|
| ☒ Pushing | Pushes heavy jail doors open/close | Occasional | ~75 lbs. |
| ☒ Pulling | Pulls heavy jail doors open/close | Occasional | ~75 lbs. |
| ☒ Lifting | Lifts boxes of paper files, evidence | Occasional | ~50 lbs. |
| ☒ Carrying | Carries boxes of paper, files, evidence, etc | Occasional | ~25 lbs. |

Can the job be performed by alternating sitting and standing? ☒ Yes  ☒ No

What are the major tasks requiring the use of one or both hands? Indicate the percentage of the employee's workday that is spent on each of these tasks.

Keyboard use Continuously throughout the day — ~67 %
Carries items from point a to b — ~34 %
Phone usage Continuously — ~67 %

### G. Information About the Job as it Relates to the Disability

Can the job be modified to accommodate the disability either temporarily or permanently? ☐ Yes ☒ No  If "Yes," explain.

Is it possible to offer the employee assistance in doing the job (e.g., through the use of technology or personal assistance)? ☐ Yes ☒ No
If "Yes," explain.

### H. Signature

Maryn Miller
Name (Please print or type)

Admin Asst. II
Title

[signature]
Signature

6/4/13
Date

(831) 646-3775
Area Code  Telephone Number

(831) 646-3726
Area Code  Fax Number

LC-5180-15  (2)

Exhibit 2                                              22